UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

**06-CR-352 (NGG)**

-against-

VOLKAN MERGEN,

                              Defendant.
------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Currently before the court is the Government's motion in limine pertaining to the prosecution of Defendant Volkan Mergen. The Government seeks to introduce evidence of uncharged acts by Defendant. (Gov't Motion (Docket Entry #58).) Defendant opposes this request. (Def. Opp. (Docket Entry #64).) For the reasons that follow, the Government's motion in granted in part and denied in part.

**I.  UNCHARGED ACTS**

In or about May 2001, Defendant began acting as a paid informant for the FBI, providing information about organized crime activity in the New York City area. In 2002, his status changed from informant to cooperator. Over the years, he received monthly payments of as much as $3,500 from the FBI for his services. His cooperation primarily consisted of providing information about the criminal activities of others and engaging in certain activities with the knowledge of the FBI, such as making loanshark payments or controlled drug buys. The charges in the present Indictment stem from crimes allegedly committed by Defendant while he was cooperating with the FBI.

The Superseding Indictment (S-2) charges Defendant with six counts of criminal conduct. Count One charges Defendant with interstate travel in aid of racketeering, relating to the arson of

a residence at 215 Hamden Avenue in Staten Island. Counts Two and Three charge Defendant with conspiracy to distribute and distribution of cocaine and marijuana between 2002 and 2004. Counts Four and Five charge Defendant with robbery conspiracy and attempted robbery of an individual operating a check cashing business from a vehicle at a gas station in Staten Island. Count Six charges Defendant with using, carrying, and possessing a firearm in relation to this robbery conspiracy and attempted robbery. At trial, Defendant will assert two affirmative defenses: duress as to Count One, and public authority (both actual and apparent) as to all Counts.

In order to rebut Defendant's affirmative defenses, the Government seeks to introduce evidence of additional, uncharged acts at his upcoming trial. Specifically, the Government seeks to admit evidence of the following acts:

1) Credit card fraud in 2001 or 2002 ("Fraud");
2) Burglary of a car dealership in 2001 or 2002 ("2001 Burglary");
3) Criminal possession of a firearm in March 2002 ("Firearm Possession");
4) Destruction of a stolen vehicle in March 2003 ("Vehicle Destruction");
5) Unlawful possession of a machete in March 2004 ("Machete Possession"); and
6) Burglary of counterfeit Rolex watches from a vehicle in January 2006 ("2006 Burglary").

(See Gov't Motion 1.) The details of these uncharged acts are set forth in the Government's brief and will not be recounted here. (See id. 3-8.) Defendant asks the court to preclude the Government from introducing any of this evidence.

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of the accused's "[o]ther crimes, wrongs, or acts" if the evidence is offered to show that the accused acted in conformity with the prior bad acts. Such evidence may be admissible, however, if offered for a non-propensity purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998) (noting that uncharged acts evidence can

be admitted "for any purpose except to show criminal propensity"). Although the Second Circuit has adopted an "inclusionary approach" to the admissibility of uncharged act evidence under Rule 404(b), United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986), such evidence is still subject to the balancing test of Rule 403. United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994). As such, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

### A. Fraud and 2001 Burglary

The Government contends that the Fraud and 2001 Burglary are admissible to provide the jury with background information about the criminal relationship between Defendant and cooperating witness CW1, which dates to the 1990s. (Gov't Motion 15.) While providing such context is a proper non-propensity purpose for offering these acts, see United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993), the Rule 403 balancing test weighs in favor of excluding them. Their probative value is minimal. These actions are quite remote from the charged crimes, both in time and substance, and the Government is not even sure whether they occurred while Defendant was working with the FBI. Rather than shed light on the charged crimes, this evidence is likely to invite the jury to infer that Defendant is generally predisposed to engaging in criminal activity. Moreover, excluding the evidence does not prevent the Government from establishing Defendant's relationship with CW1. In particular, the Government will be able to present evidence of CW1's involvement in the Vehicle Destruction (discussed below), as well as Counts Two through Six. Thus, there is no need to introduce these additional acts, which will only divert attention away from the crimes actually charged and subject Defendant to the danger of unfair prejudice. Accordingly, the Fraud and 2001 Burglary are excluded under Rule 403.

### B. Firearm Possession and Machete Possession

According to the Government, the Firearm Possession and the Machete Possession are admissible to rebut Defendant's affirmative defense of public authority because they occurred while Defendant was cooperating with the FBI.[1] (Gov't Motion 11-12.) The court agrees that rebutting an affirmative defense is a valid non-propensity purpose for introducing this evidence. See United States v. Rodriguez, 53 F.3d 545, 546 (2d Cir. 1995) (affirming admission of 404(b) evidence to rebut defense theory). Since these acts of weapon possession are much less serious than the charged crimes, their admission will not be highly prejudicial. See United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (noting that properly admitted 404(b) evidence "did not involve conduct any more sensational or disturbing than the [charged] crimes"). Although Defendant will undoubtedly suffer some prejudice from the admission of this evidence, the evidence has great probative value, which is not outweighed by its prejudicial effect. See Fed. R. Evid. 403. These actions were taken during the time that Defendant was actively cooperating with the FBI. Defendant's dialogue with and reprimand from his handling agents after the first incident, coupled with his failure to disclose the second incident, could undermine his public authority defense – that his handling agents always knew of and approved his actions.

Because the probative value is greater than the risk of unfair prejudice, the Firearm Possession and the Machete Possession are admissible for the purpose of rebutting the public authority defense. In order to minimize the prejudicial effect, the court will issue, upon request of defense counsel, a limiting instruction regarding the purposes for which the evidence may be considered. Furthermore, since Count Six involves firearm possession, the Government may not

---

[1] The Government also moves to admit the Machete Possession conviction under Rule 609(a)(1) should Defendant choose to testify. (Gov't Motion 17.) However, Defendant asserts that the conviction was not for unlawful possession of a weapon, as the Government claims, but for a "disorderly persons" offense, a minor infraction. (Def. Opp. 1-2.) Because a question has been raised as to whether the conviction even qualifies under Rule 609(a)(1), which applies to crimes punishable by more than one year of imprisonment, the Government must provide documentary proof to resolve this confusion. See Fed. R. Evid. 104(a). Therefore, the Government's motion under Rule 609 is denied without prejudice to renew upon the submission of the appropriate foundational evidence.

dwell on the involvement of a firearm in the uncharged act. Rather, the inquiry should focus on the information Defendant did or did not share with the agents, which bears upon the purpose for which this evidence is admissible.

    C.    **Vehicle Destruction**

The Government argues that the Vehicle Destruction, like the Firearm Possession and Machete Possession, is admissible to rebut the affirmative defense of public authority and to provide context regarding Defendant's relationship with CW1. (Gov't Motion 12, 15-16.) The probative value of this evidence appears to be high, in light of the Government's representation that the Vehicle Destruction took place while Defendant was actively cooperating with the FBI, and that he never disclosed the incident to his handling agents. Additionally, CW1, besides being involved in the criminal activity underlying Counts Two through Six, also participated in the Vehicle Destruction, which occurred just after the charged robbery conspiracy and in the middle of the charged narcotics conspiracy. The degree of unfair prejudice is fairly low, as destruction of a vehicle is no more "sensational or disturbing" than the charged crimes. Roldan-Zapata, 916 F.2d at 804.

On balance, the probative value of the Vehicle Destruction outweighs the risk of unfair prejudice. The evidence is admissible for the purposes identified above, except that the Government may not introduce evidence regarding the arson of the car, as opposed to its general destruction. The jury need only learn that the car was destroyed in order to advance the proper purposes for which the evidence is admissible. In light of the arson charge in Count One, admitting a prior arson under Rule 404(b) would be too prejudicial because of the danger that the jury would view this as evidence of Defendant's propensity to commit arson. Additionally, upon request of defense counsel, the court will issue a limiting instruction regarding the purposes for which the Vehicle Destruction may be considered.

### D. 2006 Burglary

According to the Government, the 2006 Burglary is admissible to rebut the public authority and duress defenses and to demonstrate the conspiratorial relationship between Defendant and CW1. (Gov't Motion 12-14, 16.) While the 2006 Burglary certainly has some probative value relating to these issues, the court excludes this evidence under Rule 403. The facts underlying the 2006 Burglary – including the interplay between the actions of Defendant, CW1, and CW2 and the FBI's attempts to have Defendant buy the watches, as well as the events of Defendant's subsequent proffer session – are complex and likely to cause jury confusion as to what issues are actually on trial. By allowing a mini-trial on the 2006 Burglary, the jury's attention will be diverted from the charged crimes, as well as the three uncharged acts the court rules admissible in this Order for similar purposes. As more and more uncharged acts are admitted under Rule 404(b), each one adds incrementally less probative value, while the cumulative effect increases the risk that the jury will impermissibly view the acts as evidence of criminal propensity. See United States v. Wallach, 935 F.2d 445, 472 (2d Cir. 1991) ("[A] district court must be careful to consider the cumulative impact of [404(b)] evidence on the jury.") The court finds that the 2006 Burglary would be significantly more prejudicial than probative and, accordingly, excludes this evidence under Rule 403.

## II. CONCLUSION

As explained above, the Government's motion is GRANTED as it pertains to admission of the Firearm Possession, the Machete Possession, and the Vehicle Destruction, but DENIED with respect to admission of the Fraud, the 2001 Burglary, and the 2006 Burglary.

SO ORDERED.

Dated: Brooklyn, New York  
      April 9, 2010

\_\_/s/ Nicholas G. Garaufis\_\_  
NICHOLAS G. GARAUFIS  
United States District Judge