UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

VOLKAN MERGEN,

                           Defendant.
----------------------------------------------------------------X

**ORDER**

**06-CR-352 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      In April 2010, the court presided over the criminal jury trial of Defendant Volkan Mergen ("Defendant"). At the close of evidence, but before the case was submitted to the jury, Defendant moved for a judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure, asserting that there was insufficient evidence to support a conviction. After hearing arguments from both the Government and Defendant, the court denied the motion. On April 22, 2010, the jury returned a guilty verdict on all six counts of the second superseding Indictment. Pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, Defendant again moves for a judgment of acquittal, challenging the sufficiency of the evidence and the credibility of various government witnesses. (Docket Entry #103.) In the alternative, Defendant requests a new trial pursuant to Rule 33. For the reasons set forth below, Defendant's Motion is DENIED.

      In considering a Rule 29 motion, "the court must be careful to avoid usurping the role of the jury." United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999). "A defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir. 2002). The court must draw all inferences in favor of the Government, United States v. Finley, 245 F.3d 199, 202 (2001), and may enter a judgment of acquittal only "if the evidence that the defendant committed the crime

1

alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." Guadagna, 183 F.3d at 130.

On a Rule 33 motion, the ultimate test is "whether letting a guilty verdict stand would be a manifest injustice." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 1997). A court should grant a Rule 33 motion only "in the most extraordinary circumstances," United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993), and the discretion to do so "should be exercised sparingly." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). Before ordering a new trial, a court must find that there is "a real concern that an innocent person may have been convicted." Id.

Having carefully considered the parties' submissions and the evidence presented at trial, the court is not satisfied that Defendant has made the appropriate showing under either standard. The evidence against Defendant at trial was very strong. (See Gov. Opp. (Docket Entry #104) 10-14.) Although the court gave Defendant wide latitude in presenting numerous affirmative defenses to the jury, the jury rejected all of them, as it was entitled to do. Similarly, Defendant claims that various government witnesses were not credible because of inconsistencies in their testimony or motives to give false testimony, but these contentions were "forcefully presented to the jury through . . . vigorous cross-examination and arguments of . . . able trial counsel," albeit unsuccessfully.[1] United States v. Canova, 412 F.3d 331, 349 (2d Cir. 2005). Ultimately, despite counsel's arguments, the jury believed the government witnesses' version of events and

---

[1] Defendant also argues that he should have been permitted to play for the jury a surreptitiously recorded conversation between himself and a government witness. Defendant claims that the court improperly determined that the recording was hearsay, because it was a prior inconsistent statement by the witness. That exclusion to the hearsay rule, however, applies only to prior statements made under oath. See Fed. R. Evid. 801(d)(1)(A). Therefore, the evidentiary ruling was not erroneous. Moreover, the court allowed Defendant to play the entire recording for the witness outside the presence of the jury. When the jury was recalled, the witness said that the recording was unintelligible and that he had not heard any statements on the recording that he denied making. Thus, the court doubts Defendant's claim that "if the jury had heard the [recording] it would demonstrate beyond question[] that he deliberately lied." (Def. Motion 19.)

2

disbelieved Mr. Mergen's account. Defendant has not met his burden to show extraordinary circumstances or manifest injustice sufficient to justify intruding upon the jury's function of assessing witness credibility. Under the circumstances, the court declines to do so. Accordingly, Defendant's Motion is denied in its entirety.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 25, 2010

NICHOLAS G. GARAUFIS
United States District Judge