UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

VOLKAN MERGEN,

                  Defendant.

**MEMORANDUM & ORDER**

**06-CR-352 (NGG)**

-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    More than two years after a criminal judgment was entered against Defendant, this case is again before this court pursuant to a Mandate of the Court of Appeals for the Second Circuit in order to clarify the record regarding an evidentiary ruling made during Defendant's jury trial. (Mandate (Dkt. 138).) The specific evidence at issue on remand is an audio recording of a conversation between Defendant and FBI Agent George Wright, which was recorded by Defendant without the agent's knowledge on or about May 4, 2006. The court assumes the parties' and Court of Appeals' familiarity with the facts and procedural history relevant to this Order.

    By its November 4, 2013, Mandate, the Court of Appeals remanded Defendant's judgment of conviction to allow this court to "determine and clarify" the following four questions:

> (1) which recording submitted by defense counsel on appeal was in fact played at trial; (2) the relationship between those two recordings, if any (*e.g.*, whether one recording is merely an altered version of the other); (3) when and how the recordings were created, stored, and altered, if at all; and (4) what is said on the recording played at trial.

1

(Mandate at 5-6.) To that end, on May 2, 2014, the court held an evidentiary hearing at which Defendant and Defendant's trial counsel, Martin Siegel, Esq., testified. (Hr'g Tr., May 2, 2014 (Dkt. 152) (Ex. A)[1].) The court also received three exhibits—labeled VM-1 to VM-3—into evidence during the course of that proceeding.[2] (See Exs. B-D.)

On June 20, 2014, the parties filed separate letters setting forth their proposed answers to the four questions posed by the Court of Appeals. (See Gov't Ltr., June 20, 2014 (Dkt. 150) (Ex. E); Def. Ltr., June 20, 2014 (Dkt. 151) (Ex. F).) Generally, the parties appear to agree on the answers to the Second Circuit's inquiries, though certain disagreements remain. This court, however, has no independent recollection of the facts relevant to the issues on remand. As such, and in due recognition of the fact that it is a ruling of this court under review on appeal, the court believes that the most appropriate and expeditious response to the Court of Appeals' Mandate is to submit the supplemented record to the panel for its considered review.

Upon restoring jurisdiction to the Court of Appeals, Defendant's counsel is directed to provide the Clerk of that court with a copy of this Order, all appended exhibits, and a copy of the disc containing the audio recording identified as "Defendant's Exhibit O" that was played at trial but has not yet been provided to the Court of Appeals.

SO ORDERED.

s/ Nicholas G. Garaufis

Dated: Brooklyn, New York
July 17, 2014

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Citations in the form "Ex. __" refer to exhibits appended to this Order.

[2] A CD containing the audio recording referred to as "Recording 2" in the parties' submissions—identified as Exhibit VM-4 at the evidentiary hearing—was not offered into evidence. It is the court's understanding that Exhibit VM-4 has already been provided to the Court of Appeals, and it therefore has not been made an exhibit to this Order. (See Gov't Ltr. at 2 n.3.)